UNITED STATES of America, Plaintiff–Appellee,

v.

Jose Luis ONTIVEROS–MAYORGA, Defendant–Appellant.

No. 04–41376
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Feb. 2, 2006.

R. 47.5.4.

James Lee Turner, John Richard Berry, Assistant U.S. Attorneys, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public, Federal Public Defender's Office Southern District of Texas, Houston, TX, FOR Defendant–Appellant.

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM: *

Jose Luis Ontiveros–Mayorga ("Ontiveros") appeals from his guilty-plea conviction for reentry of a deported alien, in violation of 8 U.S.C. § 1326. Ontiveros argues that his sentence should be vacated and remanded because the district court sentenced him under the mandatory Guidelines scheme held unconstitutional in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). He also argues that the district court erroneously determined that a prior state conviction was for a crime of violence.

Because the district court sentenced Ontiveros under a mandatory Guidelines regime, it committed *Fanfan* error. *See United States v. Valenzuela–Quevedo*, 407 F.3d 728, 733 (5th Cir.), *cert. denied,* — U.S. ——, 126 S.Ct. 267, 163 L.Ed.2d 240 (2005); *see also United States v. Walters,*

418 F.3d 461, 463 (5th Cir.2005)(discussing the difference between Sixth Amendment *Booker* error and *Fanfan* error). "[I]f either the Sixth Amendment issue presented in *Booker* or the issue presented in *Fanfan* is preserved in the district court by an objection, we will ordinarily vacate the sentence and remand, unless we can say the error is harmless under Rule 52(a) of the Federal Rules of Criminal Procedure." *United States v. Pineiro*, 410 F.3d 282, 284–85 (5th Cir.2005) (internal quotation marks and citation omitted). The Government concedes that Ontiveros's objection on the basis of *Blakely* was sufficient to preserve his *Fanfan* claim.

We conclude that the Government has not met its burden of showing beyond a reasonable doubt that the district court would have imposed the same sentence absent the error. *See Pineiro,* 410 F.3d at 286; *United States v. Garza,* 429 F.3d 165, 171 (5th Cir.2005). We therefore VACATE Ontiveros's sentence and REMAND for re-sentencing. Because the *Fanfan* error requires remand for re-sentencing, we need not address Ontiveros's other claimed sentencing error. *See United States v. Akpan,* 407 F.3d 360, 377 n. 62 (5th Cir.2005).

Ontiveros also challenges the constitutionality of 8 U.S.C. § 1326(b). His constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Ontiveros contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Ontiveros properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review. Accordingly, Ontiveros's conviction is AFFIRMED.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.